UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELAINE S.,

    Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:22-cv-240

District Judge Michael J. Newman
Magistrate Judge Kimberly A. Jolson

---

**ORDER: (1) SUSTAINING, IN PART, PLAINTIFF'S OBJECTIONS (Doc. No. 15) AND NOT ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 14) TO THE EXTENT IT DECLINED TO FIND THE ALJ ERRED AS SET FORTH BELOW, *INFRA* § IV(A); (2) OVERRULING PLAINTIFFS' REMAINING OBJECTIONS; (3) FINDING THE ALJ'S DECISION CONTAINED HARMLESS ERROR AND AFFIRMING THE ALJ'S NON-DISABILITY DETERMINATION; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

## I.    Introduction

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore ineligible to receive Supplemental Security Income ("SSI"). Doc. No. 8 at PageID 39-48. Plaintiff now appeals the ALJ's decision.[1] She seeks an Order remanding the matter to the Social Security Administration for an award of benefits or, at a minimum, for further administrative proceedings. Doc. No. 9 at PageID 598.

This case was previously referred to United States Magistrate Judge Kimberly A. Jolson pursuant to 28 U.S.C. § 636 and General Order Dayton No. 22-01. Judge Jolson concluded, in a

---

[1] This Court has jurisdiction to review such final decisions. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

Report and Recommendation ("R&R"), that the ALJ's decision should be affirmed. Doc. No. 14. The case is presently before the Court upon the R&R, *id*.; Plaintiff's objections (Doc. No. 15); the Government's response (Doc. No. 16); the certified administrative record (Doc. No. 8); and the record as a whole.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), the Court has reviewed *de novo* the comprehensive findings of the Magistrate Judge as well as all filings in this matter. Upon careful *de novo* consideration of the foregoing, the Court determines that the R&R should be **OVERRULED** in part and **ADOPTED** in part.

## II. Background

After the Social Security Administration denied Plaintiff's application for SSI at the initial stages of review, the matter proceeded to a hearing before an ALJ. After the hearing, the ALJ issued his decision in which he concluded that Plaintiff was disabled. Doc. No. 8 at PageID 39-48. Doing so, the ALJ described and applied the five-step sequential evaluation process mandated by 20 C.F.R. § 416.920. *Id*.; *see Kelly K. v. Comm'r of Soc. Security*, No. 3:21-cv-87, 2022 WL 14941966, at *3 (S.D. Ohio Sept. 9, 2022) (describing the five-step sequential evaluation process).

For present purposes, the significant part of the ALJ's decision concerns his review of the opinions provided by the two record-reviewing psychologists, Karla Delcour, Ph.D. and David Dietz, Ph.D. Both of these psychologists thought Plaintiff "has no more than moderate limitations in any area, including only mild limitations in understanding, remembering, or applying information." *Id*. at PageID 46. The ALJ reasoned, "Dr. Delcour and Dr. Dietz'[s] findings are consistent with the overall objective evidence, and their opinions are uncontroverted. Therefore, Dr. Delcour and Dr. Dietz'[s] opinions are persuasive." *Id*.

2

Plaintiff now argues that the ALJ erred by failing to articulate the persuasiveness of the "supportability" factor required by 20 C.F.R. § 416.920(c)(b)(2) when evaluating the opinion evidence and the prior administrative findings. Doc. No. 9 at PageID 594-98. The Magistrate Judge, in her R&R, rejected this contention, although she acknowledged, "As Plaintiff suggests, the ALJ did not use the word "supportability" in his evaluation of the state agency psychologists' opinion nor did he analyze all the evidence used to formulate their opinions in his evaluation." Doc. No. 8 at PageID 639. The Magistrate Judge then observed, "Reading the ALJ's entire treatment of the state agency psychologists' findings, it is clear that consideration was given to both the supportability and consistency findings." *Id*. at PageID 640. The Magistrate Judge further explained that the ALJ "did not need to distinguish the state agency psychologists' conclusions about Plaintiff's mental residual functional capacity from his own—which were elsewhere supported in detail by substantial evidence." *Id*. The Magistrate Judge also pointed out that Plaintiff did not claim the ALJ's assessment of her RFC[2] "failed to properly capture her capacity for work, nor how the state agency psychologists were erroneous." *Id*. at PageID 640-41. Because of these shortcomings, in the Magistrate Judge's view, any error in the ALJ's explanation was harmless. *Id*. at PageID 641.

### III. Applicable Standards

This Court has previously described, and incorporates herein, the standards applicable to judicial review of an ALJ's decision. *Earley v. Comm'r of Soc. Sec.*, No. 3:19-cv-351, 2020 WL 7136990, at *3-*4 (S.D. Ohio Dec. 7, 2020). It suffices to note that this Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by

---

[2] RFC refers to "residual functional capacity" or the most that an individual can do despite all of his or her physical and mental limitations. *Powell v. Comm'r of Soc. Sec.*, No. 3:19-cv-335, 2020 WL 7136988, at *1 (S.D. Ohio Dec. 7, 2020); *see* 20 C.F.R. § 416.945(a)(1).

3

substantial evidence, and (2) whether the ALJ applied the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).

This Court has also previously recognized, and incorporates herein, the regulatory standards ALJs use to evaluate opinions provided by medical sources. *Kelly K.*, 2022 WL 14941966, at *3. It suffices to reiterate that ALJs "must evaluate each medical source opinion's persuasiveness based on its: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) 'other factors that tend to support or contradict a medical opinion or prior administrative medical finding.'" *Id.* (quoting 20 C.F.R. § 404.1520c(c)).[3] Of these, supportability and consistency are the most important factors; ALJs must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] determination or decision." *Id.*

## IV. Discussion

### A. The Supportability and Consistency Factors

Plaintiff objects to the R&R on the ground that when reviewing the opinions of the two record-reviewing state-agency psychologists, the Magistrate Judge erred by failing to meaningfully discuss the "supportability" factor and by instead treating the supportability and consistency factors as essentially the same. Doc. No. 15 at PageID 646-47.

The Commissioner argues, "the ALJ adequately explained why [the state-agency psychologists'] medical opinions were well supported by citation to evidence, and how they were consistent with mostly unremarkable examinations." Doc. No. 16 at PageID 653. The

---

[3] *Kelly R.* is a case involving Disability Insurance Benefits ("DIB"); the instant case involves SSI. This distinction does not matter because ALJs apply the same legal standards to review medical opinions regardless of which type of benefits a plaintiff seeks. *Compare* 20 C.F.R. § 404.1520c *with* 20 C.F.R. § 416.920c.

Commissioner also agrees with the Magistrate Judge's reasoning and decision. Doc. No. 16 at PageID 652-63.

Upon *de novo* review of the R&R and the entire record, the Court finds that the Magistrate Judge erred by weakening the significance the regulations place on the "supportability" factor ALJs must evaluate when reviewing medical source opinions. This occurred even though the Magistrate Judge correctly observed that "supportability and consistency are the most important of the five factors, and the ALJ must explain how they were considered." Doc. 14 at PageID 635. The Magistrate Judge also correctly recognized that "the ALJ did not use the word 'supportability' in his evaluation of the state agency psychologists' opinions." *Id*. at PageID 639. Yet, the Magistrate Judge incorrectly de-emphasized the significance the regulations place on the "supportability" factor by conflating it with the "consistency" factor. *See id*. at PageID 639-40. The Magistrate Judge "notes the inherent lack of a clear delineation between supportability and consistency when an ALJ evaluates the opinion of a review, like a state agency physician, who forms her opinion after a holistic review of the medical evidence of record." *Id*. at 637. This is incorrect. Rather than a clear lack of delineation, the regulations provide distinct descriptions of supportability and consistency by including in each a singular emphasis. On the one hand, supportability emphasizes a medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)…, the more persuasive the medical opinions will be." 20 C.F.R. § 416.920c(c)(1). On the other hand, consistency emphasizes the need to compare medical source opinions with other evidence of record: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2).

5

> In other words, supportability addresses whether a medical professional has sufficient justification for their *own* conclusions. *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.). Consistency, by contrast, requires the ALJ to compare the medical opinion at issue to "*other* medical and nonmedical sources." *Ford v. Comm'r of Soc. Sec.*, No. 1:22-CV-00524, 2023 WL 2088157, at *17 (N.D. Ohio Jan. 31, 2023).

*Elizabeth A. v. Comm'r of Soc. Sec.*, No. 2:22-cv-02313, 2023 WL 5924414, at *4 (S.D. Ohio September 12, 2023).

Rather than adhering to these differences, the Magistrate Judge found that the ALJ's consideration of supportability was adequately included within his consideration of the consistency. The Magistrate Judge reasoned, in part, "Here, because the record had not materially developed from the time of the state agency findings to the time of the ALJ's decision, the ALJ's discussion of the findings can be understood to touch upon both consistency and supportability." Doc. No. 14 at PageID 639. This misses the supportability factor's instruction that requires ALJs to consider whether or not a medical source has explained—or sufficiently justified—his or her own opinion. *See* § 416.920c(c)(1); *Elizabeth A.*, 2023 WL 5924414, at *4. On this point, the supportability factor makes both medical and intuitive sense. A doctor who explains his or her opinion generally presents a more persuasive opinion than one who does not. If a medical source also explains why certain objective medical evidence supports his or her opinion, all the better—the opinion becomes even more persuasive. *See id*. But one who provides mere conclusions unsupported by explanation offers little, if anything, persuasive.

The Magistrate Judge also erred by finding it sufficient for the ALJ's discussion to "touch upon both consistency and supportability." Doc. No. 14 at PageID 639. This essentially retrofits the ALJ's discussion with two things it lacks: (1) the regulation's distinction between supportability and consistency; and (2) the regulation's articulation directive to ALJs that requires

6

them to "explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 416.920c(b)(2). The ALJ's failure to explain how he considered the supportability of the state agency psychologists' opinions does not to with the articulation requirement in § 416.920c(b)(2). As one case cogently explains, "It is not the role of a reviewing court to comb the record and imagine manifold ways in which the factors could have been applied to the evidence that was presented. The administrative adjudicator has the obligation in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source." *Hardy v. Comm'r of Soc. Sec.*, 554 F.Supp.3d 900, 909 (E.D. Mich. Aug. 13, 2021) (emphasis in original).

For the above reasons, Plaintiff's objections are sustained, in part, on the ground that the ALJ erred by conflating the supportability and consistency factors and by failing to articulate how he evaluated the supportability factor in regard to the state agency psychologists' opinions. It remains possible, however, that the ALJ's errors were harmless. *See Lorraine R. v. Comm'r of Soc. Sec.*, No. 3:20-cv-00396, 2022 WL 4232839, at *4 (S.D. Ohio Sept. 14, 2022). Indeed, the Magistrate Judge concluded, "Any error in the ALJ's explanation is harmless." Doc. No. 14 at PageID 641.

### B. Harmless Error

An ALJ's failure to apply the correct legal criteria may be excused as harmless, thus leaving no reason for remand. *See Lorraine R*, 2022 WL 4232839, at *4; *Stephen D. v. Comm'r of Soc. Sec.*, No. 1:21-cv-00746, 2023 WL 4991918, at *18 (S.D. Ohio Aug. 4, 2023) (R&R) ("Nearly all of the errors made by an ALJ in social security cases are subject to harmless error analysis"). "Courts 'will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural

7

lapses.'" *Stephen D.*, 2023 WL 4991918, at *18 (quoting *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009)). Plaintiffs have the burden to show that any error was not harmless. *Hague v. Comm'r of Soc. Sec.*, No. 2:18-cv-419, 2019 WL 4071718, at *3 (S.D. Ohio August 28, 2019) (citing *Thomas v. Comm'r of Soc. Sec.*, No. 2:18-CV-108, 2019 WL 642679, at *13 (S.D. Ohio Feb. 15, 2019), *report and recommendation adopted,* No. 2:18-CV-108, 2019 WL 2414675 (S.D. Ohio June 7, 2019) ("'The burden of showing harmfulness is normally on the party attacking an agency's determination.'" (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009))).

Plaintiff's objections to the R&R (Doc. No. 15), her Statement of Error(s) (Doc. No. 9), and her reply (Doc. No. 13) do not satisfy her burden of demonstrating that the ALJ's errors were more than harmless. She does not point to evidence conflicting with the record-reviewing psychologists' opinions or to evidence contrary to the ALJ's conclusion that the record-reviewing psychologists' opinions were "uncontroverted." *See* Doc. Nos. 9, 13, 15; *see, e.g.*, Doc. No. 8 at PageID 42-43 (ALJ concludes several times, "The State Agency psychologist[s'] opinions of record . . . are uncontroverted"). Indeed, a *de novo* review of the administrative record does not reveal an opinion by a treating, non-treating, examining, or other medical source that conflicts with the opinions provided by the record reviewing psychologists. Without such evidence in the administrative record, Plaintiff has not shown that the ALJ's errors prejudiced her on the merits or denied her a substantial right. *See Rabbers*, 582 F.3d at 648 (finding ALJ's error harmless); *Kobetic v. Comm'r of Soc. Sec.*, 114 F. Appx. 171, 173 (6th Nov. 4, 2004) (citing *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result")).

## V. Conclusions

For the above reasons, the Court **ORDERS** that: (1) Plaintiff's objections to the Magistrate Judge's Report and Recommendation are **SUSTAINED IN PART** and the Magistrate Judge's Report and Recommendation is **NOT ADOPTED** to the extent it declines to find the ALJ erred as set forth above, *supra*, § IV(A); and (2) Plaintiff's objections to the Magistrate Judge's Report and Recommendation are otherwise **OVERRULED**.

The Court concludes that although the ALJ's decision contained errors, those errors were harmless, and, consequently, his non-disability determination is **AFFIRMED**. This case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

September 27, 2023                               s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge